IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, N.W., <br> Washington, DC 20530-0001, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On January 1, 2014, an apartment building exploded in the Cedar-Riverside neighborhood of Minneapolis, Minnesota, resulting in 14 persons being injured, 6 of them critically.   Three of the victims died.

6. According to news reports, the Federal Bureau of Investigation ("FBI") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") assisted and were involved in the subsequent investigation.  For example, a "high-level law enforcement official" reportedly told KSTP–5 Eyewitness News that "the FBI is checking the backgrounds of the people who live in the apartments, the property owners, and others connected to those people to rule out the possibility of criminal intent."  FrontPage Magazine reported that "Greg Boosalis, the supervisory special agent with the FBI in Minneapolis, told the press that there was 'no evidence of terrorist activity,'" indicating at least some level of FBI involvement in the investigation.

7. On March 12, 2014, Plaintiff sent a FOIA request to the FBI, a component of Defendant, seeking the following records related to the explosion:

> Any and all records regarding, concerning or related to the investigation of the January 1, 2014 explosion and fire at the Cedar-Riverside apartment complex in Minneapolis, Minnesota, based on searches of the FBI's Electronic Case File system, Central Records System and Electronic Surveillance records, as well as any cross-referenced files

>concerning the explosion and fire.  The involvement of the
>FBI in investigating the incident is discussed in the
>enclosed media report.

Attached to the request was one of the news reports referencing the FBI's involvement in the investigation.  Plaintiff also sent a FOIA request to AFT.

8. On March 21, 2014, the FBI acknowledged receipt of Plaintiff's request and assigned it FOIPA Request No. 1257218-000.

9. By letter dated March 24, 2014, the FBI informed Plaintiff that it was "unable to identify main file records responsive to the FOIA."

10. Plaintiff appealed the FBI's determination on March 27, 2014, again citing news reports referencing the FBI's involvement in the investigation of the explosion.

11. On April 9, 2014, the Office of Information Policy ("OIP"), a component of Defendant, acknowledged receipt of Plaintiff's appeal and assigned it number AP-2014-02353.

12. By letter dated July 7, 2014, OIP "determined that the FBI's action was correct and that it conducted an adequate, reasonable search for such records."

13. Because OIP affirmed Defendant's denial of Plaintiff's request, Plaintiff has exhausted all administrative remedies with respect to the request.

14. Plaintiff subsequently received a record from the ATF, dated January 1, 2014, stating that FBI was "monitoring the investigation."  The record provides further confirmation of the FBI's involvement in the investigation and demonstrates that the FBI failed to conduct a search reasonably likely to locate records regarding its involvement.

<u>**COUNT 1**</u>
**(Violation of FOIA, 5 U.S.C. § 552)**

15. Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16. Defendant violated FOIA by failing to conduct a search reasonably likely to lead to the discovery of records responsive to Plaintiff's request and is unlawfully withholding records responsive to the request.

17. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: December 30, 2014                    Respectfully submitted,

                                                                         JUDICIAL WATCH, INC.

                                                                         */s/ Paul J. Orfanedes*
                                                                         Paul J. Orfanedes
                                                                         D.C. Bar No. 429716
                                                                         425 Third Street SW, Suite 800
                                                                         Washington, DC  20024
                                                                         (202) 646-5172

                                                                         *Counsel for Plaintiff*